UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

EILEEN N. SHAFFER, CHAPTER 7                                              PLAINTIFF
TRUSTEE for the BANKRUPTCY
ESTATE OF DEBTORS DANNY
AND JUDY HALL

V.                                                   CIVIL ACTION NO. 3:19-CV-930-DPJ-FKB

FEDERAL INSURANCE COMPANY                                                 DEFENDANT

ORDER

Plaintiff Eileen N. Shaffer, who serves as the Trustee for the Bankruptcy Estate of Danny and Judy Hall, asks this Court for a declaratory judgment stating that Defendant Federal Insurance Company ("Federal") must cover and immediately pay its insured's arbitration liability. Federal says this suit is not ripe because the arbitration award is disputed in a separate case and remains unconfirmed. *See Shaffer v. Priority One*, No. 3:15-CV-304-HTW-LRA ("*Shaffer I*"). It alternatively seeks a stay. Because this case is an end run around *Shaffer I*, the Court grants Federal's motion [33] to the extent it seeks a stay.

I.   Background

The basic procedural facts are undisputed. In 2011, the Halls filed for Chapter 11 bankruptcy, which was later converted to a Chapter 7 proceeding, and Shaffer was appointed the Trustee. Arb. Award [26-5] at 2. PriorityOne Bank ("PriorityOne") held mortgage interests in several properties the Halls owned and foreclosed on those properties during the bankruptcy proceeding. *Id.* Believing that PriorityOne failed to properly credit the proceeds to the estate, Shaffer filed *Shaffer I* on the Halls' behalf. *Id.* at 2–3. The case was assigned to the Honorable Henry T. Wingate, who sent it to arbitration pursuant to the parties' arbitration agreement. The arbitrator then awarded the Halls' bankruptcy estate $2,711,813.33. *Id.* at 12.

After obtaining that award, Shaffer moved for confirmation in *Shaffer I*. *See Shaffer I*, Pl.'s Mot. [37].[1] PriorityOne responded with a motion to vacate or modify the award, arguing that the arbitrator misapplied Mississippi law when finding PriorityOne liable and that he failed to disclose a conflict of interest. *Shaffer I*, Def.'s Mot. [43].

Less than one month after filing its motion to confirm the award, Shaffer filed the instant suit against Federal, PriorityOne's insurer. In this case, Shaffer seeks a two-part declaratory judgment, proclaiming (1) that Federal's insurance policy with PriorityOne covers the arbitration award and (2) Shaffer's "rights to execute against the Federal Policy to recover the full amount of the Arbitration Award[.]" Am. Compl. [24] ¶¶ 19, 22. In other words, Shaffer believes Federal must pay the award before it is confirmed. *See* Pl.'s Mot. [25].

To date, Judge Wingate has not ruled on Shaffer's motion to confirm or PriorityOne's motion to vacate/modify. Federal has therefore moved to dismiss this case for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim under Rule 12(b)(6). Def.'s Mot. [33]. Alternatively, Federal seeks a stay "until the Arbitration Award has been reduced to a final, enforceable judgment." Def.'s Mem. [34] at 11.

II.     Analysis

Shaffer's intent is clear. Rather than wait for Judge Wingate to decide whether PriorityOne must pay the arbitration award, she asks this Court to decide that coverage exists and order Federal to pay the award now. As she puts it, "[i]f this Court declares coverage for the Arbitration Award, both cases are over." Pl.'s Resp. [37] at 11. Because the issues in this case

---

[1] Although the motions in *Shaffer I* are not in the record, the Court may take judicial notice of the records in a public court proceeding. *In re Deepwater Horizon*, 934 F.3d 434, 440 (5th Cir. 2019) (citing *ITT Rayonier Inc. v. United States*, 651 F.2d 343, 345 n.2 (5th Cir. 1981)).

overlap with those in the first-filed *Shaffer I*, this case will be stayed until that case is finally concluded.[2]

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "Granting a stay is within the court's discretion and a stay is appropriate when it serves the interests of judicial economy and efficiency." *Hood ex rel. Miss. v. Microsoft Corp.*, 428 F. Supp. 2d 537, 541 (S.D. Miss. 2006). "When determining whether to exercise its discretion to stay proceedings, the Court 'must weigh competing interests and maintain an even balance.'" *Griffin & Griffin Expl., LLC v. Blue Rose II, LLC*, No. 5:12-CV-129-DCB-RHW, 2013 WL 12128731, at *2 (S.D. Miss. Jan. 30, 2013) (quoting *Landis*, 299 U.S. at 254–55).

"Relevant factors for the Court to consider include: (1) the potential prejudice to the non-moving party if the stay is granted; (2) the hardship and inequity to the moving party if the action is not stayed, and (3) the judicial resources that would be saved by avoiding duplicative litigation." *Id.* (citing *Falgoust v. Microsoft Corp.*, No. 00-0779, 2000 WL 462919, at *2 (E.D. La. Apr. 19, 2000)). Applying these factors, this Court previously recognized that "district courts have routinely opted to stay a declaratory judgment action, or otherwise decline to rule on coverage issues, while the underlying lawsuit is pending. This is particularly true with respect to the duty to indemnify." *Allied World Surplus Lines v. Blue Cross & Blue Shield of Miss.*, No. 3:17-CV-251-DPJ-FKB, 2018 WL 476064, at *1 (S.D. Miss. Jan. 18, 2018) (collecting cases).

---

[2] Although this Order refers to Shaffer's actions and arguments, the Court understands that she is acting by and through counsel.

A stay is appropriate here.  To begin, Shaffer identifies no prejudice she will suffer by staying this case.  By contrast, proceeding ahead of *Shaffer I* presents obvious risks that Federal will suffer avoidable hardships; the courts will reach inconsistent results; and judicial resources will be wasted.  Shaffer admittedly asks this Court to take the dispute out of Judge Wingate's hands after first seeking relief from him.  But what happens if this Court orders Federal to pay and Judge Wingate later rules in *Shaffer I* that Federal's insured, PriorityOne, never owed the Halls anything?  Shaffer fails to adequately explain why the bankruptcy estate would be entitled to the proceeds under those circumstances.  And if that did occur, the estate would be unjustly enriched or face difficult claw-back proceedings after the dust settled.  Granting a stay avoids such inconsistent results and wasted resources.

Rather than address these issues in her response, Shaffer says granting a stay would re-write the insurance policy.  *See* Pl.'s Resp. [37] at 13–14.  Looking quickly at the policy, Federal agreed to pay "the amount that an Insured becomes *legally obligated to pay* on account of any covered Claim."  Policy [26-1] at 115 (emphasis added).  Shaffer says the unconfirmed arbitration award triggered this duty because the arbitration agreement states that the award will be "final and binding."  Pl.'s Mem. [26] at 6.  So, the argument continues, "if Federal wanted final arbitration damage awards or final judgments stayed pending confirmation or appeal, then Federal should have written that language into its Policy."  Pl.'s Resp. [37] at 13.

Shaffer's argument highlights why proceeding in this case first would waste judicial resources.  Whether an unconfirmed arbitration award constitutes a legal obligation to pay is questionable.  As the Fifth Circuit stated, "[i]t is well established that, absent voluntary compliance, an arbitral award requires judicial confirmation to effect a change in legal status."  *Soaring Wind Energy, L.L.C. v. Catic USA Inc.*, 946 F.3d 742, 751 (5th Cir. 2020).  Agreeing in

4

a contract "[t]hat an arbitral award be 'final' does not obviate the need for judicial confirmation; it only allows for such confirmation." *Id.* (rejecting argument that unconfirmed arbitration decision was "final [and] binding" despite contract language to that effect).

While Shaffer's argument seems shaky, there is no need to decide it—or the many other coverage issues—before *Shaffer I* concludes. After Judge Wingate determines whether PriorityOne must pay the award, Federal's contractual obligations should be clear, and the coverage issues could be moot. Shaffer went to Judge Wingate first, and it is more logical for him to decide liability before this Court tackles coverage. Granting a stay preserves judicial resources.

III.   Conclusion

The Court has considered all arguments. Those not addressed would not change the outcome. For the reasons stated, the motion to dismiss [33] is granted to the extent it seeks a stay. This case is stayed pending the conclusion of the appeals process in *Shaffer v. Priority One*, 3:15-CV-304-HTW-LRA. The parties are ordered to file a status report within 14 days of the disposition of *Shaffer I*.

**SO ORDERED AND ADJUDGED** this the 12th day of August, 2020.

                s/ *Daniel P. Jordan III*
                CHIEF UNITED STATES DISTRICT JUDGE